# REPORTS OF CASES ADJUDGED

## IN THE

# SUPREME COURT OF PORTO RICO.

Schroder *v.* Municipal Council of Mayagüez.

Appeal from the District Court of Mayagüez.

No. 49.—Decided May 14, 1904.

Public Documents—Third Persons.—Public documents constitute evidence even as against third persons, of their date and the facts giving rise to their execution.

Evidence—Witnesses.—The testimony of one witness does not constitute absolute proof, especially when third persons are prejudiced thereby.

Id.—Obligations.—The proof of obligations rests upon the party who sues for the fulfillment thereof.

Mortgage—Taxes.—The preferred legal mortgage existing in favor of the state, province or municipality for the collection of one year's taxes upon property is understood to be with reference to real property, or that which is considered as such, which is the only kind subject to mortgage.

Proceedings in Intervention of Ownership.—Proceedings in intervention of ownership must be based upon the ownership of the property attached, and therefore, in order to be maintainable, it is not only necessary to establish the ownership of the property demanded, but it is also a necessary condition that such property be under attachment.

### STATEMENT OF THE CASE.

This is an action in intervention of ownership instituted in the District Court of Mayagüez by Federico Schroder, plaintiff, against the municipal council of said city and Federico Philippi, as managing partner of Schulze & Co., the latter in default, both defendants; which case is pending before us on appeal in cassation, now ordinary appeal, taken by the complainant in intervention from the judgment ren-

dered by said court, the party appellant having been represented before this Supreme Court by Attorney Robustiano Biaggi, the respondents failing to appear.

The judgment appealed from reads as follows:

"Judgment.—In the city of Mayagüez, December 14, 1902. An oral and public hearing was had of this declaratory action instituted by Attorney Luis Campillo as the representative of Federico Schroder, of legal age, a single man, a merchant, and a resident of this city, plaintiff, against Attorney Pascasio Fajardo, representing the municipal council of this city, and Federico Philippi, as managing partner of Schulze & Co., the latter in default, defendants.

"Attorney Luis Campillo, as the representative of Federico Schroder, instituted an incidental complaint in intervention of ownership, on June 2 of the present year, against the municipal council of this city and Federico Philippi, based on the following facts: That in the compulsory proceedings instituted by said municipal council against said Philippi, as managing partner of Schulze & Co., for the recovery of taxes, the following property was attached: Two iron safes, one inlaid desk, one typewriter desk, one desk with spring top, five high desks, one clock, two office chairs, two high chairs, one copying press, one rattan armchair, one parlor chair, one pine desk, one chair for same, one No. 5 lever scale, one No. 7 lever scale for heavy weights, four tables for sorting coffee, twenty quintals coffee, one pine cabinet, one wheelbarrow, one counter fitted with wire work, one pitch pine railing, five wire doors, twenty-five empty bags, and eight iron tubes. That by deed of January 1, 1901, his client acquired from Messrs. Schulze & Co. the following articles, among others: One iron safe, seven writing desks, seven chairs, sixty tables for thrashing coffee, two lever scales and one coffee pulper; that the other property attached also belonged to his client; that by deed of April 27, 1901, his client acquired from Genaro Ramírez the building containing aforesaid movable property, and to which appertain the five wire doors levied upon. At the conclusion of his complaint he prayed that, after the legal formalities, the same be admitted and that the attachment levied on the property enumerated be dissolved, with costs against the defendants. The following documents were filed with the complaint: A certified copy of the deed executed July 1, 1901, by Schulze & Co. in favor of Federico Schroder, another copy of the deed executed April 27, 1901, by Genaro Ramírez in favor of the said Schroder, and a copy of the local daily 'La Ban-

dera Americana,' of May 25th of last year, containing a notice of the sale by auction of said properties, as authorized by N. Fajardo, mayor of this city.

"The complaint having been admitted, notice thereof was served upon the defendants, the same being answered by Attorney Fajardo, on behalf of the municipal council of this city, who opposed the complaint and alleged the following facts: That since 1899 the firm. of Schulze & Co. had been owing taxes to this municipality, which said taxes had not been collected in due course, because of promises to pay made by said firm, which were never fulfilled, until the municipality, tired of waiting, proceeded to effect the collection thereof; that the debtor firm, disregarding legal provisions in force, has alienated, as shown by accompanying documents, not only real property, but also personal property; while the complainant in intervention in his complaint pretends to include the ownership of property which has not been transferred to him according to the very documents presented by him; that the movable property sold by Philippi to Schroder, by deed of July 1, 1901, is as follows: One iron safe, seven desks, seven chairs, sixty tables for thrashing coffee, two lever scales and one coffee pulper, and in the notice published by the mayor's office the following additional items were included: One spring-top desk, one clock, two office chairs, one copying press, one chair for same, one rattan armchair, twenty quintals' of coffee, one pine cabinet, one wheelbarrow, one counter fitted with wire work, one pitch-pine railing, five wire doors, twenty-five empty bags and eight iron tubes. And inasmuch as, pursuant to definite legal provisions, compulsory proceedings must continue as regards items not covered by the intervention of ownership, justice demands that this should be done in the present case. The defendants contest the absolute ownership of the attached movable property, claimed by the complainant in intervention, alleging the preferred legal mortgage enjoyed by municipal councils for the collection of taxes in arrears, and pray that in due time the proceedings in intervention interposed be dismissed, that the suspension of the proceedings ordered with respect to the unsold movable property be withdrawn, and that the intervention of ownership be declared not to lie, with costs against complainant.

"Messrs. Schulze & Co., having failed to answer the complaint within the prescribed term, they were, on motion of the complainant, declared in default by an order of September 4th of last year, notice thereof having been served upon them personally.

"The parties having been cited to appear for the purpose of offering evidence, they proposed the following: Documentary evidence, confession in court, verification of documents and testimony of witnesses, which was declared pertinent by a ruling of October 23d of last year, and ordered to be taken, with a citation of the adverse party.

"Part of the evidence taken at the oral hearing of this case consisted of the deposition of the witness Enrique Guggenbuhl, who declared that on March 5th of the present year he sent to Federico Schroder thirty bags of unshelled coffee, which after shelling were reduced to twenty, and he does not know whether they have been attached or not.

"The oral hearing of the present declaratory action was had on November 29th of last year, when the attorneys for the parties pleaded on behalf of their respective clients, presenting such arguments as were deemed pertinent to their claims. The voting of the judgment was then proceeded with on the 9th instant, in open court, there being no dissenting voice.

"In the conduct of this case the rules of procedure have been observed.

"Judge Luis Méndez Vaz prepared the opinion of the court, as follows:

"The complainant has shown by the certified copies of public deeds attached to the record that he is the absolute owner of the following property: One iron safe, seven desks, seven chairs, sixty tables, two lever scales, one coffee pulper and five wire doors; for although the latter are not expressly mentioned in the deed of April 27, 1901, such mention is not needed since they form part and parcel of the real property acquired by the complainant in intervention, and are included therein, so long as the contrary is not proven.

"Public documents constitute evidence, even against a third person, as to the fact giving rise to their execution and the date thereof.

"Although the complainant, for the purpose of establishing his ownership of the quintals of coffee attached in the compulsory proceedings, has brought forward the testimony of the witness Guggenbuhl, such evidence lacks the necessary force to bear out the complainant's contention, inasmuch as the testimony of one witness, however honest he may be, does not constitute absolute proof, especially when third persons are prejudiced thereby.

"No evidence whatever having been introduced with respect to the other property levied upon, the present complaint must be dis-

missed, so far as said property is concerned, since the proof of obligations rests upon the one who sues for the fulfillment thereof, and *actore non probante absolvitur reus.*

"Although the state, province or municipality enjoys a special mortgage preferred to that of any other creditor in the recovery of one year's taxes, this is understood as having reference to reality, as expressly and clearly provided by article 218 of the Mortgage Law, said class of property and that considered as such being the only kind upon which a mortgage may be given, according to article 106 of the aforesaid Mortgage Law.

"In view of the articles cited and other provisions of the Civil Code and Law of Civil Procedure applicable to the case, as also General Order No. 118, we adjudge that we should declare and do declare that the present complaint in intervention of ownership does lie with respect to the following articles: One iron safe, seven chairs, seven desks, sixty tables, two lever scales, one coffee pulper and five wire doors, which properties should be left by the municipal council to be freely disposed of by their owner, dissolving the attachment levied upon them. As to the remaining movable property attached, the complaint is dismissed, and the compulsory proceedings against them may continue, with no special imposition of costs. Thus, by this our judgment, finally rendered, we pronounce, order and sign."

From this judgment an appeal in cassation was taken by the representative of Federico Schroder, which was allowed as an ordinary appeal, the record being forwarded to this Supreme Court after citation of the parties. The appellant having appeared, the appeal was conducted under the proper procedure and a day set for the hearing, at which no attorney was present.

*Mr. Biaggi,* for appellant.

The respondent did not appear.

MR. JUSTICE HERNÁNDEZ, after making the above statement of facts, delivered the opinion of the court.

The findings of fact and conclusions of law contained in the judgment appealed from are accepted, excepting the first conclusion of law, in so far as the complainant's ownership of the five doors levied upon is also held therein to have been proven, since said doors are not mentioned in any of the

deeds produced in support of the complaint, nor is it even shown that they form part of the realty acquired by the complainant in intervention by virtue of the deed of April 27, 1901.

According to article 1530 of the Law of Civil Procedure, proceedings in intervention must be based upon the ownership of the property attached, and, therefore, to be maintainable, proof of ownership of the property claimed does not suffice, it being further required, as a necessary condition, that said property be under attachment.

In view of the legal provisions cited by the trial court, and the act of March 12, 1903, establishing this Supreme Court as a court of appeals, we adjudge that, affirming the judgment appealed from as to the conclusions accepted, and reversing the rest, we should declare and do declare that the complaint in intervention of ownership presented by Federico Schroder lies with respect to the movable property included in the deed of July 1, 1901, which has been attached in the compulsory proceedings instituted against Schulze & Co., for the recovery of taxes, said property being left at the free disposal of Schroder; and dismiss the complaint as to the remaining movable property not included in said deed, or which, if included, is not covered by the attachment, the compulsory proceedings being allowed to continue as to the property attached which was not the subject-matter of aforesaid deed, with the costs of the trial to be taxed as usual, and those of the appeal imposed upon the appellant. The record is ordered to be returned to the District Court of Mayagüez with the proper certificate.

Chief Justice Quiñones and Justices Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.